# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:19-CR-00042-01-JM

JAN DOYLE

## ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 120) is DENIED.

Applying retroactive Guidelines Amendment 821 does not change Defendant's criminal history category. He remains a criminal history category VI based on his status as a career offender. Even if he was not a career offender, his criminal history score would go from 11 to 10, but his criminal history category would remain the same.[1]

Additionally, Defendant's plea agreement provides that he "waives the right to have these sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 27th day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 71.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).

1